

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA

v.

MIRELYS CAMACHO BETANCOURT,

                Defendant.

---

1:21-CR-00071 – LJV-MJR

DECISION AND ORDER

This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions.

Before the Court are omnibus motions by defendant Mirelys Camacho Betancourt ["defendant"]. (Dkt. Nos. 40; 41). The Government also filed a cross-motion for discovery. (Dkt. No. 66). The Court's decisions as to the various non-dispositive motions and discovery demands are set forth in detail below.

## BACKGROUND

On May 6, 2021, a grand jury returned an Indictment charging defendant Mirelys Camacho Betancourt and co-defendant Jose A. Solis-Pizarro with engaging in a narcotics conspiracy, in violation of Section 846 of Title 21 of the United States Code, and attempting to possess with intent to distribute cocaine, in violation of Section 846 of Title 21 of the United States Code and Section 2 of Title 18 of the United States Code. (Dkt. No. 15).

Defendant has filed omnibus pre-trial motions seeking particularization of the allegations and to compel disclosure of *Brady/Giglio* material, as well as additional

discovery and disclosure demands. (Dkt. Nos.: 40; 41). The Government filed a response to defendant's motions and made a cross-motion for reciprocal discovery. (Dkt. No. 66). Defendant did not reply.

Oral argument on the motions was scheduled for July 15, 2022. On July 7, 2022, the Court issued a text order advising that defendant's motions would be reviewed on the papers without oral argument. (Dkt. No. 67). The Court considered the matter submitted for decision at that time.

## DISCUSSION

1. *Bill of Particulars*

Defendant moves for a bill of particulars as to Counts I and II of the Indictment. (Dkt. No. 41). She seeks particularization as to, *inter alia*, the alleged members of the conspiracy, the date, place, details of formation of the conspiracy, details of overt acts allegedly committed in furtherance of the conspiracy, each defendant's role in the alleged conspiracy, details of controlled substances distributed pursuant to the conspiracy, and identities of all unindicted co-conspirators. (*Id.*). Defendant argues that Count I lacks specificity because it does not state a definitive starting point for the alleged drug conspiracy and is silent as to the date, time, place, method, and manner of the conspiracy, and defendant's acts in furtherance of the conspiracy. (*Id.*). The Government objects that defendant has not offered any specific facts or reasons to justify a finding that further particularization is necessary. (Dkt. No. 66, pgs. 2-3).

Federal Rule of Criminal Procedure 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to

interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). However, "[t]he Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendants committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (S.D.N.Y. 2003). In determining whether a bill of particulars is warranted, a court is to consider "the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise afforded to defendants." *United States v. Shoher*, 555 F. Supp. 346, 349 (SDNY 1983). Further, it is well-settled that acquisition of evidentiary detail is not the purpose of a bill of particulars. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

Here, the Court finds that a bill of particulars is unnecessary because the specific allegations contained in the Indictment, together with the discovery already provided, are sufficiently clear. Contrary to defendant's belief, the Government is not required to particularize overt acts, unnamed co-conspirators, and other details regarding the alleged conspiracy. *See United States v. Carroll*, 510 F.2d 507, 509 (2d Cir. 1975) ("There is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge[.]"); *United States v. Muyet*, 945 F. Supp. 586, 599 (S.D.N.Y. 1996) ("The defendants are not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding the [ ] enterprise and conspiracy.") (quoting *United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993)).

The charges contained in Count I and II are neither complex nor difficult to understand. It is alleged that beginning in or about January 2021 and continuing through

on or about February 3, 2021, defendants engaged in a conspiracy to distribute a controlled substance, namely 500 grams or more of a mixture containing cocaine. Defendant seeks an exact date that the conspiracy is alleged to have started, however "[t]he Government is not required to prove, never mind provide ahead of trial, exactly when a conspiracy was formed or exactly when a particular defendant joined the alleged scheme." *United States v. Shkreli*, 2016 U.S. Dist. LEXIS 176245, at *21-22 (E.D.N.Y. Dec. 14, 2016). It is also alleged that on or about February 30, 2021, defendants attempted to possess with intent to distribute at least 500 grams of a mixture containing cocaine. The Government submits that it has already provided substantial discovery information to the defendant in addition to the charges of the Indictment, including audio and video recordings, photographs, and other supporting documents.

Defendant is not permitted to use a bill of particulars to learn evidentiary detail or the Government's legal theory. The Indictment plainly allows defendant to identify the charges against her, avoid surprise at trial, and interpose a plea of double jeopardy if necessary. For these reasons, defendant's request for a bill of particulars is denied.

2. *Rule 16 Discovery*

Defendant moves for discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (Dkt. No. 40, ¶¶ 5-32; 36). Rule 16(a) requires the Government to disclose certain evidence and information upon request of a defendant. While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the Government's case against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession

4

of the Government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the Government's case-in-chief; (4) reports of examinations or tests; (5) and information about expert witnesses in accordance with Fed. R. Evid. 702, 703 and 705. *See* Fed R. Crim. P. 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum, or other internal Government documents made by an attorney for the Government or other Government agent in connection with investigating or prosecuting the case." *See* Fed. R. Crim. P. 16(a)(2).

Defendant requests, *inter alia*, discovery of all books, papers, documents, data, photographs, statements of defendant, reports of tests or examinations, and tangible objects within the Government's possession custody or control, and for the Government to identify any matter which it has not yet disclosed to defendant and specify why it claims such matter is not subject to disclosure at this time. Defendant also requests notice of expert testimony the Government intends to introduce at trial.[1]

In response, the Government states that it has fully complied with its obligations under Rule 16. (Dkt. No. 66, pgs. 4-9). The Government affirms that it has already provided defendant with voluntary discovery, including copies of documents and recordings, and that it will continue to provide any additional discoverable materials that become available. (*Id.*, pg. 5-6). The Government further states that it will provide expert disclosures and expert summaries for its witnesses who will testify at trial consistent with

---

[1] Additionally, citing *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), defendant seeks an order compelling the Government to provide impeachment material pertaining to prospective witnesses. The Government opposes the request as premature and unwarranted. (Dkt. No. 66, pgs. 10-11). Such impeachment evidence is generally classified as *Giglio* material and the Court refers to its later discussion of *Brady* and *Giglio* material for resolution of this request.

5

the District Court's pre-trial order. (*Id.*, pg. 6). The Government specifies that it does anticipate calling forensic lab examiners in this case, for whom it will provide notes and curriculum vitae prior to trial. (*Id.*, pg. 17-18).

Based upon the representations made by the Government, and consistent with the Court's directives described above, defendant's request for discovery pursuant to Rule 16 is denied as moot. The Government is reminded that its disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

3.  *Grand Jury Transcripts*

Defendant requests production of grand jury minutes and transcripts. (Dkt. No. 40, ¶¶ 24-25). The Government opposes this request and argues that the defendant has not overcome the presumption of regularity in grand jury proceedings. (Dkt. No. 66, pgs. 21-22). The burden is on the defense to show that "a particularized need" exists for the minutes which outweighs the policy of secrecy. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). An indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. *United States v. Calandra*, 414 U.S. 338, 345 (1974). A defendant is not entitled to inspect grand jury minutes and evidence without producing "concrete allegations of Government misconduct." *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994). Defendant has not made any such allegations here. Therefore, to the extent that defendant requests grand jury material that is not also 3500, *Brady,* or *Giglio* material, the motion is denied.

4.     *Disclosure of Informant Identities*

Defendant moves for disclosure of the identities of all confidential informants used in this case, as well detailed information about those informants, including past investigations and prosecutions were they were used, sums paid by the Government, promises of immunity or leniency, arrest and conviction history, and files maintained by the Government. (Dkt. No. 40, ¶ 33). The Government opposes the request for disclosure, citing its interest in protecting the confidential informants' safety. (Dkt. No. 66, pgs. 10-12).

The Government has a qualified privilege to withhold information concerning the names of confidential informants that it does not intend to call as witnesses. *See Rovario v. United States*, 353 U.S. 53, 60-62 (1957) (the purpose of the privilege is to encourage citizens to report criminal activity). The informant's privilege must give way, however, if disclosure is essential to a defense or the fair determination of the case. *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983). To that end, a defendant seeking the identity of a confidential informant must make some evidentiary showing as to why disclosure is significant to determining defendant's guilt or innocence. *See United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986) (explaining that defendants face a "heavy burden" of establishing that disclosure is essential to the defense); *Lilla*, 699 F.2d at 105 ("this requires some demonstration that in the absence of such disclosure the defendant will be denied a fair trial"); *United States v. Valenzuela-Bernal*, 458 U.S. 858, 871 (1982) (defendant need not show that the informant's testimony would actually be helpful to the defense, but instead "the events to which a witness might testify, and the relevance of those events to the crime charged").

Defendant has not provided any reasoning as to why informant identities are material or necessary to her defense. If and when an informant is to be called as witnesses at trial, defendant will have access to his or her identity as well as all relevant impeachment material, prior statements, and notes of their interviews. In addition, if an informant reveals exculpatory information at any time, the Government has an ongoing duty to disclose this information in time for its effective use at trial. Thus, defendant's motion for disclosure of informant identities and related requests are denied.

5.   *Bruton Request*

Defendant makes a request under *Bruton v. United States*, 391 U.S. 123 (1968) for an order requiring the Government to redact any portions of oral or written statements or confessions by any non-testifying co-defendants or co-conspirators that the Government intends to introduce at trial that may tend to inculpate the defendant. (Dkt. No. 40). As a general rule, this type of motion is best considered by the trial judge. *United States v. Anguiera*, 2012 U.S. Dist. LEXIS 51862 (W.D.N.Y. April 12, 2012) ("[T]he relief sought for excluding non-testifying co-conspirator statements...[i]s better considered by the District Judge prior to trial and deferred for that consideration"). For this reason, the Defendant's request is denied without prejudice to renew this motion before the District Court.

6.   *Motion to Compel Disclosure of Brady/Giglio Material*

Defendant moves for the disclosure of any favorable, exculpatory or impeachment materials pursuant to *Brady, Giglio* and their progeny.[2] (Dkt. No. 40, ¶ 34). Defendant's

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

specific requests include (1) any information or material that tends to exonerate defendant; (2) any evidence which tends to impeach the credibility of any prospective government witness; and (3) any written or oral statements made by a person with information that may be helpful to the defense. (*Id.*).

The Government has an obligation to disclose exculpatory material, or material favorable to an accused as to either guilt or punishment, even when no affirmative request has been made. *Brady,* 373 U.S. at 87. Material "favorable to an accused" includes not only evidence that affirmatively tends to exculpate the defendant, but also information that impeaches the credibility of Government witnesses. *See Giglio*, 405 U.S. at 154-55. The Government's disclosure obligation extends only to information that is "material." *See Kyles v. Whitley*, 514 U.S. 419, 434 (1995). The test for materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Evidence may be material for *Brady* purposes even if it is not admissible, as long as it could lead to the discovery of admissible evidence. *United States v. Gill*, 297 F.3d 93, 104 (2d Cir. 2002). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses *Brady* evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id.,* at 144.

In its response, the Government opposes defendant's request for an order requiring disclosure of documents that are not subject to disclosure under Rule 16 and

that are subject to disclosure, if at all, only later as 3500 materials. (Dkt. No. 66, pgs. 14-17). The Government submits that it is mindful of its obligations and will provide *Brady* and *Giglio* material. (*Id.*).

Given the Government's representations, defendant's motion to compel the production of *Brady/Giglio* material is denied as moot. Consistent with *Coppa*, the Government is reminded of its continuing obligation to timely disclose any *Brady* and *Giglio* material to defendant. *See United States v. Padovani*, 14-CR-224, 2016 U.S. Dist. LEXIS 133400, at *8 (W.D.N.Y. Sept. 28, 2016).

7. *Early Disclosure of Witness Statements and Jencks Act Material*

Defendant also moves for early disclosure of witness names and statements prior to trial. (Dkt. No. 40, ¶ 35). The Government has no general duty to disclose the identities of its witnesses before trial. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). Section 3500 of Title 18 of the United States Code requires that the Government, on motion of defendant, disclose a Government witness's prior statements that are in the Government's possession and relate to the subject matter of the witness's direct testimony. *See also Jencks v. United States*, 353 U.S. 657 (1957); Fed. R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement however taken or recorded made by the witness to the grand jury. 18 U.S.C. 3500(e). Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner. *See* 18 U.S.C. §3500(a); Fed. R. Crim. P 26.2(a).

The Government indicates that it will disclose all 3500 material sufficiently prior to trial to allow defendant adequate time to prepare and, in accordance with the District Court's pre-trial order, to permit the Court to conduct the trial in an orderly and efficient manner. (Dkt. No. 66, pg. 20). In light of these representations, defendant's request for early disclosure of witness statements is denied as moot.

8.   *Rules 404(b), 608, and 609 Evidence*

Defendant moves for disclosure of any evidence of prior crimes or bad acts the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). (Dkt. No. 40, ¶¶ 37-38). Defendant also moves for pre-trial disclosure of impeachment evidence pursuant to Federal Rules of Evidence 608 and 609. (*Id.*) The Government states that it will provide reasonable notice in advance of trial of the general nature of prior uncharged crimes that it intends to use at trial under Rule 404(b). (Dkt. No. 66, pgs. 18-19). It further submits that it has no obligation to provide pre-trial notice of impeachment evidence under Rules 608 and 609 but states it will provide notice at the time it is ordered to do so by the trial court. The Government has preliminarily notified defendant it intends to use all prior criminal conduct, acts, or wrongs pursuant to Rule 404(b) and intends to impeach the defendant with any past criminal history pursuant to Rule 609, should she elect to testify. The Government states that should it become aware of additional Rule 404(b), Rule 608, or Rule 609 evidence, it will notify defendant in advance of trial.

The Government is required to provide "reasonable notice in advance of trial" of the general nature of prior uncharged crimes or bad acts it intends to introduce against a defendant. *See* Fed. R. Evid. 404(b). Rule 608 of the Federal Rules of Evidence does not

contain the same pre-trial notice requirement. Based upon the Government's representation that it will disclose bad act or impeachment evidence prior to trial, defendant's motion is denied as moot. The Court instructs that any disclosure should be done in accordance with the District Court's pre-trial order. The issue of admissibility of evidence pursuant to Federal Rules of Evidence 404(b), 608, and 609 is left to the determination of the District Court at the time of trial.

9. *Disclosure of Rule 807 "Residual Exception" Statements*

Defendant moves for an order directing the Government to give defendant timely pretrial notice of its intent to use evidence under Rule 807, the residual hearsay exception. (Dkt. No 40, ¶¶ 39-40). The Government states that it is not currently aware of any hearsay statement that it intends to offer into evidence, and if it does intend to offer evidence subject to the residual hearsay exception, the notice required by Rule 807(b) will be provided according to the District Court's pre-trial schedule. (Dkt. No. 66, pgs. 22-23). Accordingly, this request is denied as moot.

10. *Preservation of Rough Notes*

Defendant moves for an order requiring all government agents to retain and preserve all rough notes taken in the course of the investigation in the event they later become discoverable. (Dkt. No. 40, ¶¶ 10, 16). The Government submits that it will endeavor to maintain these materials, should they exist, but also objects that this motion includes material that may exceed the Government's obligation under 18 U.S.C. 3500 and Fed. R. Crim. P. 26.2. The Court grants defendant's motion and the Government is directed to preserve all rough notes and items of evidence. *See United States v. Jones*, 2014 U.S. Dist. LEXIS 84452, at *16 (W.D.N.Y. May 29, 2014), *report and*

*recommendation adopted*, 2014 U.S. Dist. LEXIS 84023 (W.D.N.Y. June 19, 2014), (quoting *United States v. Coates*, U.S. Dist. LEXIS 105689, 2013 WL 3897484, at *5 (W.D.N.Y. July 29, 2013)).

11.  *Joinder of Motions*

Defendant moves to join in pre-trial motions of her co-defendants. (Dkt. No. 40, ¶ 41). Co-defendant Solis-Pizarro has not filed any pretrial motions and the time to do so has expired. (*See* Dkt. No. 63). Accordingly, defendant's request is denied as moot.

12.  *Leave to File Additional Motions*

Defendant moves to preserve her right to make additional motion to the Court. (Dkt. No. 40, ¶ 42). To the extent defendant intends to bring motions based upon new rulings, information, or evidence, her request for leave to file additional motions is granted. To the extent defendant intends to bring motions concerning issues that could have been raised prior to the previous motion deadline, her request is denied without prejudice to bringing the motion upon a showing of good cause for the untimely filing.

13.  *Government's Request for Reciprocal Discovery*

The Government moves for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure including the opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are in the possession, custody or control of the defendant and which the defendant intends to introduce as evidence at trial, as well as the results or reports of any physical or mental examinations or scientific tests or experiments made in connection with the case. (Dkt. No. 66, pgs. 23-24). The Government's motion for

reciprocal discovery is granted, and defendant is reminded that his disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

## CONCLUSION

For the foregoing reasons, defendant's pre-trial motions (Dkt. Nos. 40; 41) are decided in the manner set forth above, and the Government's request for reciprocal discovery (Dkt. No. 66) is granted.

**SO ORDERED**.

Dated:   July 20, 2022
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge